USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/18/2014

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

WILLIAM HARRISON,

                              Plaintiff,

        -against-                      No. 14-CV-484 (VEC)

ASHI DIAMONDS, RAJEEV PANDYA,       OPINION & ORDER
SANJAY PANDYA,

                              Defendants.

VALERIE CAPRONI, United States District Judge:

       Plaintiff William Harrison ("Harrison"), a Mississippi resident, was a traveling salesperson for jewelry wholesaler Ashi Diamonds ("Ashi"), a New York corporation, from March 2005 through January 2012.  Second Amended Complaint ("SAC") ¶¶ 19-20.[1] Defendants Rajeev and Sanjay Pandya are brothers who exercised significant control over Ashi's day-to-day business and allegedly served as Harrison's "bosses."  SAC ¶¶ 11-17.  Harrison's compensation was based on a minimum "draw" or commission rate between 6 and 8 percent; the exact terms of the business relationship – whether that of employer-employee, independent contractor, or otherwise – were never reduced to writing.  SAC ¶¶ 21-25; Def. Exh. 6.  Ashi's tax filings classified Harrison as an "independent contractor," not an employee.  SAC ¶ 28.  Harrison now claims that he is entitled to unpaid wages and statutory damages under the New York Labor Law ("NYLL") because he was an employee of Ashi and not an independent contractor.  SAC ¶¶

---

[1]     The Court presumes the facts alleged in the Second Amended Complaint as true at this stage in the litigation.  *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

29-37. He also claims that he is owed damages under the NYLL, even if properly classified as an independent contractor, because his commissions were not timely paid. SAC ¶¶ 52-55.

When the relationship between Harrison and Ashi ended in January 2012, Harrison was allegedly owed certain commissions. On March 14, 2012, he brought an action in the Circuit Court of Lowndes County, Mississippi, for commissions due to him from 2011 through his termination, as well as related claims for infliction of emotional distress. Pl. Mem. Law Opp. at 1 (hereafter referred to as *Harrison I*). *Harrison I* was removed to the United States District Court for the Northern District of Mississippi and culminated in a small judgment (less than $2000.00) in favor of Plaintiff, dated December 9, 2013. Def. Exh. 4.

During the course of discovery in *Harrison I*, Plaintiff attempted to add claims under the NYLL; Ashi resisted Plaintiff's attempt, arguing it was too late in the litigation to add claims. Def. Mem. Law at 2-3. This issue was ultimately teed up for decision via a defense motion *in limine* to preclude "any mention, argument, or evidence at trial of the . . . New York law or the New York Department of Labor [and] [a]ny dispute over commissions that pre-date Harrison's sales in 2011." Def. Exh. 9 at 5. During oral argument on that motion, Harrison insisted that the *Harrison I* Complaint sought damages for "the entire amount that Ashi owes him," and, presumably to bolster the argument that his intent was to encompass the entire relationship in one lawsuit, noted that he had abandoned a separate claim he had made with the New York Department of Labor. Def. Exh. 13 at 7-8. Whatever Plaintiff's intent had been when he filed the *Harrison I* Complaint, the Court granted Defendant's motion and excluded Harrison's claims for unpaid commissions earned prior to 2011 and any claim arising under New York law. Def. Exh. 11. The Court reasoned that the complaint was silent on these claims and that Ashi was not otherwise on notice of the need to defend or to engage in discovery related to these claims. Def.

Exh. 13 at 11-12.  That decision was reduced to a formal order dated August 16, 2013.  Def. Exh. 11.

On August 30, 2013, while *Harrison I* was still pending, Harrison filed this action in the Circuit Court of Lowndes County, Mississippi (hereafter referred to as *Harrison II*).  The Complaint in *Harrison II* added the Pandya brothers as defendants and asserted a variety of claims under the NYLL spanning Harrison's entire relationship with Ashi from 2005 until 2012, as well as claims for breach of contract and unjust enrichment.  SAC ¶¶ 20-22, 38-49, 53-54, 59, 63.  Defendants removed the action to the United States District Court for the Northern District of Mississippi, and, in January 2014, the case was transferred to the Southern District of New York.  Defendants have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

The issue presented by Defendants' motion to dismiss is whether the decision in *Harrison I* constitutes res judicata, precluding this action from proceeding.  Although the Court is sympathetic to the Plaintiff, who clearly tried to combine these claims with claims litigated in *Harrison I*, it is also sympathetic to the Defendants, who have already been put to the expense and business disruption of defending claims arising out of this employment relationship once.  Whichever side is more sympathetic, the law of res judicata is designed to prevent precisely this sort of *seriatim* litigation of matters that should be litigated in a single case.  For the reasons discussed more fully below, the Defendants' motion to dismiss is granted because the lawsuit is barred by res judicata.

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "Courts are normally limited to considering the facts alleged in the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice

may be taken. . . .  However, a court may also look to public records, including complaints filed in [federal] court, in deciding a motion to dismiss." *Yan Won Liao v. Holder*, 691 F. Supp. 2d 344, 351-52 (E.D.N.Y. 2010) (alteration in original) (citations omitted) (internal quotation marks omitted).  Courts can take notice of the public records from earlier actions "not for the truth of the matters asserted . . . but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.,* 937 F.2d 767, 774 (2d Cir. 1991).  Although res judicata is an affirmative defense, "[d]ismissal based on res judicata is appropriate where it is clear from the face of the complaint and from matters of which the Court takes judicial notice that plaintiffs' claims are barred."  *Greenwich Life Settlements, Inc. v. ViaSource Funding Grp., LLC*, 742 F. Supp. 2d 446, 452 (S.D.N.Y. 2010) (quoting *Tokio Marine & Nichido Fire Ins. Co. v. Canter*, No. 07 Civ. 5599 (PKL), 2009 WL 2461048, at *4 (S.D.N.Y. Aug. 11, 2009)); *Angell v. U.S. Army Corps of Eng'rs*, 149 Fed. App'x 34, 36 (2d Cir. 2005).

A federal court sitting in diversity jurisdiction determines the preclusive effect to be given a prior judgment by applying the res judicata law of the state in which the court that entered the prior judgment sat.  *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001).  Under Mississippi law, which therefore governs here, four identities between actions must exist for the bar of res judicata to apply: "(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made."  *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 232 (Miss. 2005).  "The absence of any one of the elements is fatal to the defense of res judicata."  *Id.*

"The doctrine of res judicata has two primary functions.  Under the principle known as 'bar,' res judicata precludes claims which were actually litigated in a previous action.  Under the

4

principle known as 'merger,' res judicata prevents subsequent litigation of any claim that should have been litigated in a previous action." *Hill v. Carroll Cnty.*, 17 So. 3d 1081, 1084-85 (Miss. 2009) (citations omitted) (internal quotation marks omitted).  In other words, "res judicata serves as a mandatory device for claim joinder by restricting the claims which a party may refrain from asserting against the opposing party." *Chandler-Sampson*, 891 So. 2d at 233.  On the whole, "the law is well settled that 'where one has a choice of recovery for a given wrong, they may not assert them serially in successive actions but must advance all at once on pain of the bar of res judicata.'" *Id.* at 236 (quoting *Walton v. Bourgeois*, 512 So. 2d 698, 702 (Miss. 1987)).

In addition to the four identities, the earlier action must have reached a final judgment on the merits in order for res judicata to apply.[2]  *EMC Mortg. Corp. v. Carmichael*, 17 So. 3d 1087, 1090 (Miss. 2009).  That element is not disputed.  Because the prior judgment is final and the four identities are present, the doctrine of res judicata bars Plaintiff from litigating these claims in this Court.

I.      **Identity of Subject Matter**

*Harrison I* and *Harrison II* both concern Harrison's employment relationship, specifically relative to compensation, with Ashi Diamonds.

Under Mississippi law, actions pursuing different remedies and proceeding under different theories possess the required identity of subject matter so long as "the substance" of the suits is the same.  *See, e.g.*, *Fason v. Trussell Enters.*, 120 So. 3d 454, 459 (Miss. Ct. App. 2013) (a collection suit and a suit for malicious prosecution, false imprisonment and abuse of process possess an identity of subject matter because both concerned a debt owed and how it was

---

[2]      Although *Harrison I* was still pending when *Harrison II* was filed, res judicata nevertheless applies under Mississippi law.  *See DeFoe v. Great S. Nat'l Bank, N.A.*, 547 So. 2d 786, 788 (Miss. 1989) (the court hearing the second of two parallel actions "ordinarily should hold it in abeyance pending the first action. . . .  Final judgment in the first certainly precludes further prosecution of the second.").

collected).  In contrast, courts have found identity of subject matter lacking when the two actions involve entirely distinct subjects.  *See, e.g.*, *Anderson v. Levere*, 895 So. 2d 828 (Miss. 2004) (no bar to suit disputing ownership of photographs held by an estate when earlier suit dealt with a determination of heirs to the estate).  Ultimately, "the identity of subject matter is defined as the underlying issue before the court, not the legal basis for recovery." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 591 (5th Cir. 2006).

     Plaintiff argues that the subject matter of the two actions here is not identical and that he never litigated unlawful deductions, wage notices, or commission issues beyond the 2011-2012 timeframe.  Pl. Mem. Law Opp. at 1-2.  The failure to litigate certain claims in the earlier action is irrelevant to the analysis because Mississippi recognizes the "merger principle." *Hill*, So. 3d at 1084-85.  Under the merger principle, a claim may be barred by res judicata if the grounds were available in the earlier litigation and could have been litigated, even if the claim was not asserted in the first action. *Aetna Cas. & Sur. Co. v. Berry*, 669 So. 2d 56, 67 (Miss. 1996).  Although some of the facts and theories in *Harrison II* differ from those in *Harrison I*, the substance of the claims, which is the controlling consideration for this identity, all involve Harrison's commercial relationship with Ashi and his compensation.  Indeed, the record clearly establishes that Harrison attempted to assert claims based on New York law in *Harrison I*.  Def. Mem. Law at 2; Def. Exh. 13 at 7-8.  The *Harrison I* Court rejected those claims, not because the claims were inherently inappropriate to include, but because they were raised too late in the proceedings.  Def. Exh. 13 at 11-12.  Plaintiff could have litigated the NYLL and contract claims in the earlier action but failed to include them when drafting the *Harrison I* Complaint.  Under the merger principle, he may not now bring another action asserting claims based on the same subject matter if the other three res judicata identities are also satisfied.

## II.     Identity of Cause of Action

Identity of cause of action is present between the actions at issue here because both arise from a single employment relationship and share underlying facts; they bear sufficient relation to form a convenient trial unit.  *See Chandler-Sampson*, 891 So. 2d at 234.

In determining whether there is an identity of cause of action, Mississippi courts follow a transactional approach.  Courts "look[] past the legal bases asserted and rel[y] more on the factual and transactional relationship between the original action and the subsequent action." *Hill*, 17 So. 3d at 1086.  Mississippi courts have indicated that the state's transactional approach mirrors that embodied in the Restatement (Second) of Judgments and articulated by the Supreme Court of the United States:

> Causes of actions are the same if they arise from the same "transaction"; whether they are products of the same "transaction" is to be determined by "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

*Chandler-Sampson*, 891 So. 2d at 234 (quoting *Nevada v. United States*, 463 U.S. 110, 131 (1983)).

The decision in *Chandler-Sampson* is instructive.  In that case, the plaintiffs sued their insurance agent and their insurance companies in a coverage action.  The theory of liability against the insurance agent was that it wrongfully disclaimed liability and refused coverage for a claim against the plaintiffs.  891 So. 2d at 227.  After the case was removed to federal court, the plaintiffs attempted to add a negligence claim against the insurance agent.  *Id.*  The federal court declined to allow the expansion of the claim, and dismissed the insurance agent finding that there was no cognizable claim against it.  *Id.*  While that action was pending against the insurance companies, the plaintiffs filed a separate action against the agent, this time alleging that the

insurance agent was negligent because it wrote the insurance coverage in such a way that failed to assure appropriate coverage.  *Id.* at 228.  The court held that there was identity of cause of action with the prior action because the plaintiffs' negligence claim could have been asserted in the initial coverage dispute.  *Id.*  "[T]he Harrisons seek recovery by way of the same written instrument involved in the earlier suit against the same defendant, seeking the same relief for the same injuries in the same court, based on the same transaction.  The only difference between the current and prior suits is the legal basis on which they are grounded." *Id*. at 236.  *See also Wilkes v. Wyo. Dept. of Emp't Div. of Labor Standards*, 314 F.3d 501 (10th Cir. 2002) (all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes).

So too here.  The facts underlying both of Harrison's lawsuits involve the compensation he is due from Ashi.  Although the particular facts applicable to the various claims will vary somewhat because *Harrison I* raised compensation claims related to only one year of a multi-year employment relationship, they are substantially the same sort of claim and qualify as one unit under the transactional approach embraced by Mississippi.  They are related in time, origin and motivation and form a convenient unit.  *See Chandler-Sampson*, 891 So. 2d at 234.  Although *Harrison II* asserts different legal theories and covers a longer time span, it derives from the same nucleus of fact that was at issue (or could have been at issue) in *Harrison I.*  In short, there is an identity of cause of action.

### III.   Identity of Parties

In order for res judicata to bar a second proceeding, "the parties to the second action must have also been parties to the first action, or have been in privity with a party in the first action." *Anderson*, 895 So. 2d at 835.  "'Privity' is . . . a broad concept, which requires [courts] to look to the surrounding circumstances to determine whether claim preclusion is justified."  *Quinn v. Estate of Jones*, 818 So. 2d 1148, 1153 (Miss. 2002) (alteration in original) (citations omitted). Courts employ terms including "privity, succession in interest, and relationship" to express the requirements for satisfying this identity.  *State ex rel. Moore v. Molpus*, 578 So. 2d 624 (Miss. 1991).  The parties to the two actions must be "substantially identical," but not necessarily "exactly the same."  *A & F Props. LLC v. Madison Cnty. Bd. Of Supervisors*, 414 F. Supp. 2d 618, 624 (S.D. Miss. 2005).

Despite the inclusion of two parties in *Harrison II* who were not named in *Harrison I*, there is an identity of parties within the meaning of the term.  Harrison and Ashi are, of course, exactly the same.  The two new parties are Harrison's "bosses" at Ashi.  SAC ¶¶ 15-16. Harrison seeks to hold them jointly liable with Ashi for the alleged NYLL violations and common law claims.  Mississippi courts have found identity of parties in similar circumstances. *See, e.g.*, *Black v. City of Tupelo*, 853 So. 2d 1221 (Miss. 2003) (identity of parties where police officers named in a second action are employed by city named in both actions).  In the instant action, the Pandya's close relationship to Ashi falls within this broad notion of privity; therefore, identity of the parties is present.

### IV.   Identity of the Quality or Character of Persons

The Mississippi Supreme Court has not provided a definitive characterization of this final identity.  *See, e.g.*, *Fason*, 120 So. 3d at 460-61; *EMC Mortg. Corp. v. Carmichael*, 17 So. 3d

1087, 1091 (Miss. 2009) ("[W]e are unable to locate any caselaw that specifically states what must be established to meet this prong of the res judicata test."); *Hill*, 17 So. 3d at 1087 ("[T]his Court has not explicitly defined the identity of the quality or character of a person against whom the claim is made."). One court conceded that "quality or character" is an "odd phrase" and suggested it "just means that if someone is appearing in some limited or representative capacity in one case and personally in the other, that party's 'quality or character' is not the same in the two actions." *McCorckle v. Loumiss Timber Co.*, 760 So. 2d 845, 856 (Miss. Ct. App. 2000). The Mississippi Court of Appeals has explained that "[w]here someone is sued in a limited or representative capacity in one cause and then personally in another, the party's 'quality or character' is not the same in both actions. . . . But when a party is a named defendant in a first and second suit, the identity or character of the defendants is the same." *Estate of White v. White*, 2012-CA-01083-COA, 2014 WL 1190245, at *5 (Miss. Ct. App. Mar. 25, 2014) (citations omitted).

This identity is satisfied in the present action. Harrison and Ashi are the same parties as in the earlier action. There is no change in their quality or character, and they are acting in the same capacity. The addition of the Pandyas poses no issue because they are in privity with Ashi, as noted above.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims are barred by the principles of res judicata. All four identities required under Mississippi law are present and the earlier action reached a final judgment on the merits. Therefore, Defendants' motion to dismiss is GRANTED. The Clerk of the Court is directed to close the motion at Dkt. 33 and to terminate this action.

SO ORDERED.

Date: July 18, 2014  
      New York, NY

VALERIE CAPRONI  
UNITED STATES DISTRICT JUDGE